UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY TILLEY,

        Plaintiff,

v.

        File No. 1:13-CV-221

        HON. ROBERT HOLMES BELL

KALAMAZOO COUNTY ROAD
COMMISSION, et al.

        Defendants.
_____/

## **O P I N I O N**

On May 13, 2014, this Court granted summary judgment in favor of Defendants on Plaintiff Terry Tilley's claims under the Michigan Whistleblower's Protection Act, Elliott–Larsen Civil Right's Act, Persons With Disabilities Civil Rights Act, and the federal Family and Medical Leave Act (FMLA). (Op. & Order, ECF Nos. 39, 40.) In part, this Court determined that Plaintiff had no cause of action under the FMLA because Tilley was not an "eligible employee" under the statute. Plaintiff appealed the judgment on May 29, 2014. (ECF No. 42.) On January 26, 2015, the Sixth Circuit reversed this Court's entry of judgment on Tilley's claims under the FMLA. (ECF No. 43.) Accordingly, the matter presently before the Court is the other bases on which Defendants sought summary judgment on the FMLA interference and retaliation claims. For the reasons that follow, the Court finds that there are no genuine issues of material fact, and will grant Defendants' motion.

Given the breadth and depth of the written briefs and evidence that have already been filed in this matter, the Court holds that further briefings and oral argument are unnecessary for the disposition of the motions. *See* W.D. Mich. LCivR 7.2(d); *see also Himes v. United States*, 645 F.3d 771, 784 (6th Cir. 2011). The facts are familiar to the parties and the Court. (Op. 1-4, ECF No. 39.)

I.

The Federal Rules of Civil Procedure require the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). When the moving party will not carry the burden of proof at trial, the party must identify "those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) (internal quotations omitted). A defendant moving for summary judgment is not required, however, to "support its motion with affidavits or other similar materials negating the opponent's claim." *Id.*

In considering a motion for summary judgment, "the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Martin v. Cincinnati Gas & Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009) (citing *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007)). Nevertheless, the mere existence of a scintilla of evidence in support of a non-movant's position is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*; *see generally Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989).

II.

Plaintiff claims that Defendants interfered with his rights under the FMLA by refusing to

2

allow him to come back to work after he took FMLA leave. Plaintiff also claims that Defendants retaliated against him under the FMLA by terminating him.

Recovery under the FMLA is available under two distinct theories. The "retaliation," or "discrimination," theory arises under § 2615(a)(2), which prohibits an employer from discharging or discriminating against an employee who exercises his FMLA rights. *See Arban v. West Pub Corp.*, 345 F.3d 390, 401 (6th Cir. 2003). The "interference," or "entitlement," theory arises under 29 U.S.C. § 2615(a)(1), which prohibits an employer from interfering with, restraining, or denying the exercise of FMLA rights, and under § 2614(a)(a), which requires an employer to restore the employee to his former position or an equivalent position following his return from FMLA leave. *See Arban,* 345 F.3d at 400-01. The Court analyzes both theories under the familiar burden shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Donald v. Sybra, Inc.*, 667 F.3d 757, 761 (6th Cir. 2012).

**A. Retaliation**

To establish a prima facie claim of retaliation under the FMLA, a plaintiff must show: (1) the plaintiff was engaged in an activity protected by the FMLA; (2) the employer knew that the plaintiff was exercising his rights under the FMLA; (3) after learning of the plaintiff's exercise of FMLA rights, the employer took an employment action adverse to him; and (4) there was a causal connection between the protected FMLA activity and the adverse employment action. *Donald*, 667 F.3d at 761.If the defendant can proffer a legitimate, nondiscriminatory reason for terminating the plaintiff, the burden shifts back to the plaintiff to show that the defendant's stated reasons are a pretext for unlawful discrimination. *Id.*

The parties dispute whether Plaintiff's absence beginning on August 1 was an exercise of his

rights under FMLA and whether he provided adequate notice that his absence qualified him for rights under FMLA. It is undisputed that Plaintiff did not formally request FMLA leave until August 17, 2011, two days after his effective termination date. Although Plaintiff claims he notified Mr. Bartholomew by telephone regarding his medical status, Plaintiff failed to submit the FMLA certification paperwork as completed by his physician until after his termination. (ECF No. 31, Exs. 51, 52.) The parties also dispute whether there is a causal connection between Plaintiff's leave and his termination.

Even assuming that Plaintiff has established a prima facie case of retaliation, Defendants have offered a legitimate, nondiscriminatory reason for terminating Plaintiff. Plaintiff's termination letter details the shortcomings of his performance and quotes the relevant portions of the personnel manual that justify his dismissal under the circumstances. (Def.'s Ex. 13, 46–50; ECF No. 30-2.) Plaintiff had been previously suspended and reprimanded on numerous occasions. On July 21, 2011, prior to the onset of any qualifying health condition under the FMLA, Defendants issued a final warning to Plaintiff that continued performance deficiencies would result in termination. (ECF No. 31, Ex. 40.) Plaintiff still failed to complete his assignments by the July 28 deadline. Thus, the Court does not find that Defendants' proffered justification for terminating Plaintiff is pretextual. Plaintiff's claim of FMLA retaliation therefore fails.

**B. Interference**

To establish a prima facie claim for FMLA interference, a plaintiff must show: (1) the plaintiff is an eligible employee under the act; (2) the defendant is an employer under the act; (3) the plaintiff is entitled to leave; (4) the plaintiff gave notice of his or her intent to take leave; and (5) the defendant employer denied an FMLA benefit. *Donald*, 667 F.3d at 761. Once a plaintiff shows a

prima facie case of interference, the burden shifts to the employer to prove it had a legitimate reason for terminating the employee, unrelated to the employee's attempted exercise of his FMLA rights. *Id*. at 762.

There exists a material factual dispute on Plaintiff's claim that Defendants are equitably estopped from denying Plaintiff was covered on the FMLA. (Op. 16, ECF No. 43.) Thus, Plaintiff has satisfied his burden as to the first two prongs.

Plaintiff has not shown he was entitled to leave and reinstatement, however. The right to reinstatement does not entitle a restored employee "any right, benefit, or position of employment other than any right, benefit, or position to which the employee would have been entitled had the employee not taken the leave." 29 C.F.R. § 2614(a)(3)(B). "'[A]n employee who requests FMLA leave would have no greater protection against his or her employment being terminated for reasons not related to his or her FMLA request that he or she did before submitting that request.'" *Arban*, 345 F.3d at 401 (quoting *Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1262 (10th Cir. 1998)); *see also Edgar v. JAC Products, Inc*., 443 F.3d 501, 508 (6th Cir. 2006). "An employee lawfully may be dismissed, preventing him from exercising his statutory rights to FMLA leave or reinstatement, but only if the dismissal would have occurred regardless of the employee's request for or taking of FMLA leave." *Arban*, 345 F.3d at 401; *Edgar*, 443 F.3d at 507-08 (collecting cases holding that employees may be dismissed where the dismissal would have occurred regardless of the FMLA request).

Plaintiff claims his "termination violated [his] rights under the FMLA because it did not allow him to return from his leave under the FMLA to the position he had been in." (Pl.'s Resp. 19, ECF No. 31.) Plaintiff further claims that Defendants blamed him for not contacting Mr.

Bartholomew during his time in the hospital and shortly thereafter, and that this was a partial cause of his termination. (*Id.* at 20.) While Plaintiff is correct that Defendants cited his failure to communicate as a basis for his termination, Plaintiff has offered no legal argument that such a communication failure is a protected activity under the FMLA. Further, Plaintiff did not even formally request FMLA leave until August 17, 2011, five days after Defendants decided to terminate him.

For the reasons previously discussed, the Court finds that Defendants have proffered a legitimate reason for terminating Plaintiff, unrelated to his exercise of FMLA rights. The mere temporal proximity between Plaintiff's exercise of leave on or about August 1 and his termination on August 12 cannot be the sole basis for finding pretext. *See Donald*, 667 F.3d at 763 (citing *Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 317 (6th Cir. 2001)). Accordingly, Plaintiff's claims of FMLA interference fail.

### III.

For the foregoing reasons, the Court holds there are no genuine issues of material fact with regard to Plaintiff's claims under the Family and Medical Leave Act. The Court will therefore enter summary judgment in favor of Defendant.

The Court will issue an Order and Judgment consistent with this Opinion.


Dated: May 1, 2015               /s/ Robert Holmes Bell
                                 ROBERT HOLMES BELL
                                 UNITED STATES DISTRICT JUDGE